# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STATE FARM INSURANCE COMPANY, as Subrogee of Carol Hack, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10 C 986 ) ) Magistrate Judge Susan E. Cox |
| COMFORT ZONE HEATING & AIR, CONDITIONING, LLC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case involves a claim that defendant, Comfort Zone Heating & Air Conditioning, LLC ("Comfort Zone") negligently installed a furnace in the residence of Carol Hack, which then resulted in a fire that caused over $247,000.00 in damages. The present motion seeks dismissal of plaintiff's complaint, claiming that it is time-barred by the five year statute of limitations. There is no dispute that the five-year statute of limitations applies.[1] Comfort Zone, however, argues that the action accrued at the time of installation of the furnace, in 1999, which was approximately eight years before the fire occurred, and eleven years before plaintiff filed this action. But plaintiff, State Farm Insurance Company ("State Farm"), argues that the action does not accrue until a person reasonably should have known of the injury or, in this case, when the fire occurred in 2007. That would bring the negligence claim within the five year statute of limitations. We hold that "the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of

---

[1] 735 ILCS 5/13-205.

the existence of the right to sue."² Comfort Zone's motion to dismiss is, therefore, denied [dkt. 24].

**I.    Background**

Sometime in 1999, Comfort Zone installed a furnace in Carol Hack's residence. The complaint alleges that Ms. Hack and her family used the furnace for its intended and normal purpose.³ On March 5, 2007, the Hack residence suffered a fire that caused significant damage to the home. After an investigation, it was determined that the fire originated in the basement as a result of the furnace being installed too close to adjacent combustibles, which were then ignited by the heat from the furnace.⁴ (But it is alleged that up until the investigation, the Hack family had no knowledge that the furnace had been improperly installed).⁵ Pursuant to an insurance policy the Hack family had with State Farm, they were paid more than $247,265.84 for the damages that resulted from the fire. State Farm then became a subrogee for a claim in that amount, and became subrogated to the rights and claims of Ms. Hack against Comfort Zone.⁶

**II.    Analysis**

Comfort Zone cites to one principal case for its position that State Farm is time-barred from its claim: *Gates Rubber Company v. USM Corporation.*⁷ In that case, the Seventh Circuit was presented with the question of when the statute of limitations began to run on a claim for property damage involving a contract for the construction, sale, and delivery of a large manufacturing press that failed.⁸ The court noted that the issue was whether the action accrued: (1) at the time of defendant's negligence;

---

² *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.,* 61 Ill.2d 129, 133 (Ill. 1975); see also *E.J. Korvette, Division of Spartan Ind., Inc. v. Esko Roofing Co.,* 38 Ill.App.3d 905, 908 (Ill.App.Ct. 1976).
³Amd. Compl. ¶ 5.
⁴Amd. Compl. ¶ 9.
⁵Amd. Compl. ¶ 10.
⁶Amd. Compl. ¶ 13.
⁷508 F.2d 603 (7th Cir. 1975).
⁸*Gates Rubber Co.,* 508 F.2d at 606.

(2) at the time of plaintiff's injury; or (3) at the time when plaintiff discovers, or should have discovered, the claim.[9] This is, of course, precisely the question here. Ultimately, the *Gates* court concluded that the cause of action accrued at the time of installation, not at the time when plaintiff discovered the claim. Here, State Farm argues *Gates* is not the last word on the subject. State Farm asserts that since *Gates*, Illinois courts have expanded the discussion and found additional circumstances where a cause of action accrues only after damage or injury has occurred.

As a general rule, a cause of action based on negligence accrues when "all the elements of the action are present, including a legal duty, the breach of that duty, and injury resulting from such failure."[10] The statute of limitations is said to run from the time that the "last act giving rise to the cause of action has occurred."[11] But there may be circumstances where a claim accrues before the plaintiff discovers, or reasonably should have discovered, his injury.[12]

A more thorough examination of *Gates* is first helpful. In that case, the same five-year statute of limitations was at issue. There, the parties had entered into a contract for a large press that failed four years after the date of shipment, and then three years later the plaintiff filed suit.[13] In its complaint, the plaintiff alleged direct damage to property and consequential damages from interruption of production.[14] Relevant to this case is the *Gates'* court's analysis of what is called the "discovery rule." The discovery rule allows a cause of action "to accrue when a plaintiff knows or should have known of the existence of the right to sue."[15] *Gates* did not apply the discovery rule but, if it had, the action would have accrued

---

[9] *Id.*
[10] *Coumoulas v. Service Gas Inc.,* 293 N.E.2d 187, 188 (Ill.App.Ct. 1973).
[11] *E.J. Korvette,* 38 Ill.App.3d at 906.
[12] *Gates,* 508 F.2d at 608.
[13] *Id.*
[14] *Id (*noting that the contract terms provided for "no liability for any special, indirect or consequential damages," but did not exculpate the seller from any liability for direct damage from negligence).
[15] *Pratt v. Sears Roebuck & Co.,* 71 Ill.App.3d 825, 829 (Ill.App.Ct. 1979).

four years after shipment (when the press failed), which would have been within the five-year statutory period.

In its analysis *Gates* looked to three instances where the Supreme Court of Illinois had applied the discovery rule. The *Gates* court repeated what the Illinois Court had held: that the "'[t]he basic problem is one of balancing the increase in difficulty of proof which accompanies the passage of time against the hardship to the plaintiff who neither knows nor should have known of the existence of his right to sue.'"[16] But the *Gates* court also noted that "the application of a discovery rule to all purchase transactions would dramatically enlarge the contingent liabilities of manufacturers and sellers and substantially eviscerate the statutory purpose of repose."[17] It then acknowledged that it had to choose between two "equally unacceptable alternatives."[18]

In *Gates* it came down to an analysis of fairness; the application of the discovery rule could, in some circumstances, end up giving greater protection to property damage claimants than, say, a personal injury action against "a forgetful surgeon, whose claims are irrevocably barred after 10 years."[19] Citing to the Commercial Code, the court also found that in a breach of any contract of sale, ignorance of a cause of action in no way affects the running of the statute of limitations precisely because of the importance of bringing finality to commercial transactions.[20] The court was ultimately persuaded that the "underlying policy considerations which favor certainty and finality in the conduct of commercial affairs" applied and, therefore, it declined to apply the discovery rule.[21]

Comfort Zone is correct that *Gates* remains good law. But there are several cases that have

---

[16] *Gates Rubber Co.,* 508 F.2d at 609 (quoting *Rozny v. Marnul,* 43 Ill.2d 54, 70 (Ill. 1969)).
[17] *Gates Rubber Co.,* 508 F.2d at 612.
[18] *Gates Rubber Co.,* 508 F.2d at 612.
[19] *Id.* at 613.
[20] *Id.*
[21] *Id.* at 613, 615.

followed since 1975 when *Gates* was decided. Many of those also have analyzed - and even applied - the discovery rule. An examination of a few of those cases is useful. First, several years after *Gates,* in *Pratt v. Sears Roebuck & Company,* the Illinois appellate court discussed the application of the discovery rule where the allegations involved a gas fired water heater that plaintiffs purchased, which burst into flames and destroyed their home.[22] At the trial level, the case was dismissed for failure to file suit within the applicable statutes of limitations.[23] On appeal the court ultimately upheld that finding, but only because the plaintiffs had "not pleaded facts which explain their failure to discover the existence of the contract [and thereby the name of the manufacturer they needed to sue] sooner."[24] Essentially, the court explained that "[a] plaintiff requesting application of the discovery rule must plead facts necessary to explain why the cause of action was not discovered sooner."[25]

Similarly, the appellate court in *Aetna Life & Casualty Company v. Sal E. Lobianco & Son Company, Inc.,* explained the purpose of the statute of limitations, noting that a cause of action must "have existence before it can be barred" because the purpose is "not to shield a wrongdoer; rather it is to discourage the presentation of stale claims" and encourage diligence in bringing claims.[26] In that case, like here, the plaintiff insurance company paid the insureds for the loss of their home due to fire damage and then, as subrogee, filed a case against the contractor who constructed the faulty fireplace.[27] The court held that "a cause of action for property damage sounding in tort and not arising from contract accrues at the time the plaintiff suffers some injury..." thereby finding that the cause of action "did not

---

[22] 71 Ill.App.3d at 827-29.
[23] *Pratt,* 71 Ill.App.3d at 828.
[24] *Id.* at 829.
[25] *Id.* at 829.
[26] 43 Ill.App.3d 765, 767 (Ill.App.Ct. 1976).
[27] *Aetna Life,* 43 Ill.App.3d at 766.

accrue...until the occurrence of the fire..."[28]

This holding was then affirmed by the Supreme Court of Illinois in *West American Insurance Company v. Sal E. Lobianco & Son Company, Inc.*[29] As Comfort Zone has pointed out, however, the Court made an important distinction; in affirming the use of the discovery rule, the Court held that "if the limitations period began at the time of the masonry contractor's negligent undertaking, the homeowners would have no right of action against a negligent third party with whom they had no contract."[30] The Court was, therefore, making a distinction between a party with a contractual relationship and one where no contractual relationship was possible. Because the house was constructed years prior to the homeowners living there, if the statute of limitations in fact accrued only five years after construction, logically the homeowners would have never had a right of action. Such an outcome would be illogical.[31] For this reason, the Court found they could have never acted on the breach itself - "the masonry contractor's alleged negligent performance" - so the cause of action did not accrue until the fire occurred.[32]

Though not cited to by the parties, another helpful analysis is found in *E.J.. Korvette v. Esko Roofing Co.,* where the Illinois appellate court stated the issue to be "whether a cause of action for negligence can be barred before any damage results from negligence and before plaintiff knew or could have known of the damage to its property."[33] In that case, the defendant was a general contractor who had supervised the construction of a warehouse owned by plaintiff, which was damaged on three

---

[28]*Id* at 770-72.
[29]69 Ill.2d 126 (Ill. 1977).
[30]*West American,* 69 Ill.2d at 133.
[31]*Id.* at 132 (noting that the insureds never had a contractual relationship with the original builders).
[32]*Aetna Life,* 43 Ill.App.3d at 769.
[33]38 Ill.App.3d at 906.

occasions due to high winds.[34] The plaintiff alleged that it was the defendants' defective design, construction and workmanship that was the direct cause of the damage.[35] The trial court dismissed the claims based on the statute of limitations, finding that the acts of negligence were committed when the construction of the roof was completed.[36] But the appellate court determined that a "wider application of the time of discovery rule" was appropriate: it found no "indication in the complaint that plaintiff was guilty of a lack of due diligence in failing to discover the alleged defects in the proof before the occurrence of a violent windstorm."[37] Pointing to the complaint, the court noted that the earliest possible date that the plaintiff could have reasonably "been expected to discover the defects in the roof" was the first date of wind damage.[38] The allegations, then, fell within the applicable five-year statute of limitations.

We can apply the same analysis here. If we look to State Farm's complaint, as we must do, the allegations provide that up until the investigation, the Hack family had no knowledge that the furnace had been improperly installed.[39] According to the allegations, it was not until 2007, when the fire occurred, that the Hack family could have even inquired "further to determine whether an actionable wrong was committed."[40] If the rule is that the period of limitations commences at the time when a person "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved,"[41] then the limitations

---

[34] *E.J. Korvette,* 38 Ill.App.3d at 906.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 908.
[38] *Id* (distinguishing the limited application of the discovery rule in *Gates* from the more recent cases that favored "a more general application of the discovery rule...").
[39] Amd. Compl. ¶ 10.
[40] *Knox College v. Celotex Corp.,* 88 Ill.2d 407, 415-16 (Ill. 1982).
[41] *Schoenrock v. Anden Corp.,* 125 Ill.App.3d 118, 123 (Ill.App.Ct. 1984).

period began in 2007.

Since *Gates,* the Illinois Supreme Court has stressed that the application of the discovery rule is "neither narrow nor expansive."[42] The uncertainty of its application has also been somewhat clarified: "the statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused."[43] The principal distinction is that the accrual of the limitations period does not await awareness by a plaintiff that an injury was a result of another's negligence.[44] So the point when a plaintiff "becomes possessed of sufficient information" regarding his or her injury, and its cause, begins the running of the limitations period.[45] This is usually a question of fact.[46]

We know that courts, including *Gates,* have concluded, with similar facts, that the limitations period begins to run at the time of installation. Applying the *Gates* analysis, the necessary elements of duty, breach and injury were complete as soon as, in this case, the furnace was installed. The later damage to property was merely "an event which increased the damage[s]."[47] But here, because more recent applications of the discovery rule have expanded that view, we look to the complaint to determine whether the Hacks discovered, or should have discovered, the negligence prior to the fire.[48] The complaint specifically alleges that it was not until the investigation, which occurred after the fire damage, that the Hack family learned that the furnace was negligently installed too close to adjacent

---

[42] *Knox College,* 88 Ill.2d 40 at 415.
[43] *Id.*
[44] *Id.* at 416.
[45] *Id.* at 416-17.
[46] *Id.* at 416 (noting that a question of fact existed where a plaintiff was alerted to a problem earlier but did not take action immediately because the nature of the problem "would not cause a reasonable person to investigate.").
[47] *Coumoulas,* 293 N.E.2d at 188.
[48] *See Knox College,* 88 Ill.2d 40 at 415; *see also Coumoulas*, 293 N.E.2d at 189.

combustibles.[49] So here, State Farm has pleaded facts that "explain why the cause of action was not discovered sooner."[50]

According to the complaint, it is certainly reasonable to assume that the fire was the first date the Hack family could have been expected to discover the alleged negligence. Just as the court explained in *E.J. Korvette,* we find nothing in the complaint to indicate that application of the discovery rule would "greatly increase the problems of proof nor is there any indication in the complaint that plaintiff was guilty of lack of due diligence in failing to discover the alleged defects"[51] before the fire occurred. But as explained by the Illinois Supreme Court, we cannot say, as a matter of law, that the fire itself started the running of the statute of limitations. It is possible that evidence may disclose that a date prior to March 5, 2007 - the date of the fire - could have caused a reasonable person to investigate further and perhaps discover the negligently installed furnace. Even so, as pleaded there is nothing to show that the Hack family and, thereby, State Farm, could reasonably have been expected to discover negligent installation of the furnace prior to that time. This case having been filed within five years of that date, it falls within the statute of limitations. Further status set for November 17, 2010 at 9:30 a.m.

**IT IS SO ORDERED**.

**ENTERED: November 5, 2010**

_____
**UNITED STATES MAGISTRATE JUDGE**
**Susan E. Cox**

---

[49] *See, e.g., Coumoulas,* 293 N.E.2d at 189 (noting that, pre-*Gates,* when the complaint does not allege whether plaintiff discovered the negligence prior to the damage, the "known or should have known" rule will not be applied).
[50] *Pratt,* 71 Ill.App.3d at 829.
[51] *E.J. Korvette,* 38 Ill.App.3d at 908.